TASHIMA, Circuit Judge,
dissenting:
Under 18 U.S.C. § 3582(c)(2), a district court has jurisdiction to reduce a defendant’s sentence if the' defendant was “sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.” 18 U.S.C. § 3582(c)(2). The majority, however, goes beyond the statutory language to find, based on its examination.of the record of Spears’ prior sentencing proceeding, that Spears is ineligible for (ie., that the district court lacks jurisdiction to consider) a sentence reduction. The majority conflates the jurisdictional analysis with an analysis of the merits of Spears’ motion. Because this is the wrong analysis, I respectfully dissent.
In 2001, the sentencing court found that Spears had committed an offense involving at least 1.5 kilograms of crack cocaine. At that time, this quantity corresponded to a base offense level of 38 in the Drug Quantity Table of the Sentencing Guidelines. U.S.S.G. § 2Dl.l(c) (2000). The court found that Spears’ base offense level should be enhanced by 6 points, resulting in a total offense level of 44 and a corresponding sentencing range of life imprisonment.
Amendment 750 to the Sentencing Guidelines revised the Drug Quantity Table, reducing offenses involving at least 1.5 kilograms of crack cocaine to correspond to a base offense level of 34. U.S.S.G. § 2Dl.l(c) (2012). This change would decrease Spears’ total offense level to 40, and his sentencing range to 360 months’ to life imprisonment. Under the revised Guidelines, a base offense level of 38 requires a finding that the offense involved at least 8.4 kilograms of crack cocaine. Thus, under 18 U.S.C. § 3582(c)(2), Spears was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. Therefore, under § 3582(a)(2), the district court had jurisdiction to consider on the merits Spears’ motion to modify his term of imprisonment.
The majority does not make this straightforward statutory analysis. Instead, it considers whether the record from the 2001 sentencing could support a finding that Spears was responsible for at least 8.4 kilograms of crack cocaine. But *918 the statute does not call for such an inquiry into the prior sentencing record to establish a sentencing judge’s jurisdiction to reconsider a defendant’s sentence.
The case law on which the majority relies does not support its approach. In United States v. Hernandez, 645 F.3d 709 (5th Cir. 2011), the district court denied the defendant’s § 3582(c)(2) motion based on the sentencing court’s previous finding that the defendant was responsible for 32.5 kilograms of crack cocaine, which was “far beyond the 4.5 kg threshold needed for the highest offense level” under the Sentencing Guidelines. Id. at 712. But the district court did not decide that the factual findings in the sentencing record deprived it of jurisdiction to consider the defendant’s motion on the merits. Rather, the district court exercised its discretion to decline to modify the defendant’s sentence.[1] See id. (“[W]e hold that the district court did not abuse its discretion in refusing to modify Hernandez’s sentence or in refusing to grant an evidentiary hearing to decide the amount of crack for which Hernandez was responsible.” (emphasis added)).[2]
Likewise, in United States v. Battle, 706 F.3d 1313 (10th Cir. 2013), the second case the majority cites in support of its position, the Tenth Circuit reviewed a district court’s decision to grant in part and deny in part a defendant’s § 3582(c)(2) motion on its merits. See id. at 1314. Thus, this case also does not support the proposition that a district court must review the sentencing record to determine whether it has jurisdiction to consider a defendant’s § 3582(c)(2) motion.
Furthermore, even assuming the correctness of the majority’s approach' — 'that a district court must review a sentencing court’s factual findings to determine whether it has jurisdiction to consider a defendant’s § 3582(c)(2) motion — the sentencing court did not make any specific finding that Spears’ offense conduct involved at least 8.4 kilograms of crack cocaine, the minimum quantity required for application of the newly-amended base offense level of 38.
The sentencing court did find that Spears had an interest in 11 kilograms of powder cocaine involved in the conspiracy. The court also acknowledged that the conspiracy involved cooking powder cocaine into crack cocaine. See Maj. Op. 913-14. Based on these facts, the court found that Spears was responsible for some amount of crack cocaine in excess of 1.5 kilograms. But the sentencing court did not find, contrary to what the majority implies, that all of the 11 kilograms of powder cocaine with which Spears was associated were cooked into crack cocaine. In fact, the Presentence Report[3] stated that the conspiracy with *919 which Spears was involved converted most of its powder cocaine into crack cocaine.[4] But what is “most” of 11 kilograms? The sentencing court did not answer that question, because it was unnecessary to the sentence the court imposed.[5] The only necessary quantity finding, given the structure of the Guidelines at the time, was the court’s finding that at least 1.5 kilograms of crack cocaine were involved. Thus, the sentencing court’s factual findings did not definitively link Spears with 8.4 kilograms of cocaine base.
In sum, under a straightforward statutory analysis, the district court had jurisdiction under 18 U.S.C. § 3582(c)(2) to modify Spears’ sentence.[6] Consequently, I would reverse and remand for the district court to exercise its discretion as to whether Spears’ sentence should be reduced. I, therefore, respectfully dissent.

.The procedural history of Hernandez's appeal illustrates that the district court denied his § 3582(c)(2) motion on the merits, and not based on a lack of jurisdiction. After the district court denied Hernandez's § 3582(c)(2) motion, Hernandez appealed the denial of his motion to the Fifth Circuit and simultaneously filed a motion for reconsideration in the district court. Id. at 711. The district court determined that it lacked jurisdiction to consider Hernandez's motion for reconsideration "because Hernandez moved for reconsideration after taking appeal to [the Fifth Circuit], and thus potentially deprived the district court of its jurisdiction." Id. at 711 n. 1. The Fifth Circuit declined to review this jurisdictional ruling because the merits of Hernandez’s motion were "properly before [the court] on the defendant’s timely appeal” from the denial of his § 3582(c)(2) motion. Id.

. Review of a sentencing decision for "abuse of discretion” is, of course; review of the merits; not a review of jurisdiction.

. As the majority notes, the sentencing court adopted the Presentence Report "as its own findings,” excluding the paragraphs upon which no finding was necessary. Maj. Op. 911.

.The majority quibbles that this statement “was a statement about the conspiracy in general.” Maj. Op. at 915. But the Cadillac-load of cocaine to which this statement refers is the very same cocaine which is at the heart of the drug quantity issue. Moreover, this statement is never contradicted or cast in doubt later in the Presentence Report. To reiterate, the only quantity finding made by the Presentence Report, which was adopted by the sentencing judge, see footnote 3, supra, is that: “In this case Spears' relevant conduct includes more than 1.5 kilograms of cocaine base, resulting in a base offense level of 38.” PSR, ¶ 84.

. Neither did Spears’ counsel. Although he acknowledged, as the majority points out, Maj. Op. at 915-16, that the Cadillac-load of cocaine "was cooked into crack cocaine,” he does not address how much of it was cooked into crack; thus, his argument at sentencing does not contradict the Presentence Report that "most of [the] powder cocaine was [converted] into 'crack'.”

. Whether the sentencing court should exercise its discretion under § 3582(c)(2) to reduce Spears' sentence is an entirely different question.